STATE, WARREN LELAND, JR., ET AL., PROSECUTORS, v. LONG BRANCH COMMISSIONERS.

An ordinance passed by a municipal corporation, which imposes a greater penalty for its violation than is authorized by the charter, is void.

---

On *certiorari* to remove ordinances.

Argued at February Term, 1880, before Justices DEPUE, SCUDDER and KNAPP.

For the prosecutors, *R. Allen, Jr.*

For the defendants, *F. K. Porter*.

The opinion of the court was delivered by

KNAPP, J.   Two ordinances passed by the Long Branch commissioners, for the regulation and licensing of beer saloons, are brought under consideration by this writ of *certiorari*. Suits were instituted against the prosecutors, under them, for their violation.   Those proceedings were pending and undetermined when the writ was issued which removed the prosecutions and ordinances into this court.

A large number of reasons are assigned for setting aside these ordinances, and under them the briefs of counsel take a wide range of discussion, through which I deem it unnecessary to follow, because, on the face of both ordinances, there appears clear ground for holding them invalid.

Conceding to the corporation power to license and regulate the sale of malt liquors by ordinance, to the full extent claimed by it, the penalty prescribed in each of the ordinances for a violation, is in excess of that permitted to be imposed by the charter.

Under the act of April 8th, 1875, entitled " A further supplement to the act entitled ' An act to establish the Long Branch police, sanitary and improvement commission,' " which contains the only provision now in force regulating the punishment which may be inflicted for a breach of ordinances, such punishment is, by express terms, limited to a penalty not exceeding $100, or imprisonment in the district or county jail not exceeding ten days.   In the ordinance passed July 12th, 1877, the prescribed punishment is imprisonment in the district or county jail not exceeding *twenty* days, or a fine not exceeding $50, *or both*, in the discretion of the police justice hearing the complaint.   In the ordinance adopted July 20th,

Lewis v. Hoboken.

1878, a fine not exceeding $50, or imprisonment not exceeding ten days, *or both*, at the discretion of the justice, is the measure of punishment. The charter authorizes either a fine or imprisonment, within the prescribed limits, but it does not authorize the infliction of both, and the limit of either cannot be exceeded. The corporation had no power, by statute, to enact the degree of punishment declared in either of these ordinances. When a charter prescribes the manner in which by-laws or ordinances are to be enforced, or the punishment to be annexed to their violation, this constructively operates to negative the right of the corporation to proceed in any other manner, or to inflict any other punishment. *Dill. on Mun. Corp.*, § 273.

In the charter of the Long Branch commissioners, the restriction on the punitive power of the corporation is laid in express terms. *Sup.* 1875, § 35.

Without a penalty for the enforcement of an ordinance, it is nugatory. *Town of Petersburg* v. *Metzker*, 21 *Ill.* 205; *Dill. on Mun. Corp.*, § 272. For this reason, both ordinances should be set aside.

The objection that the ordinances do not fix the precise penalty in each case, but leave that, within prescribed limits, to the discretion of the magistrate, is not well founded. The point was expressly ruled in *McConville* v. *Jersey City*, 10 *Vroom* 38.