*22 Vroom.*          Hankinson v. Trenton.

THE STATE, SAMUEL E. HANKINSON, PROSECUTOR, v. THE INHABITANTS OF THE CITY OF TRENTON.

1. Where a special power is given to a magistrate by statute to convict an offender in a summary manner, without trial by jury, the record must show everything necessary to constitute a legal conviction.

2. Where the *gravamen* of such proceedings is the violation of an ordinance, not of the municipality itself, but of a sub-department of limited jurisdiction, such ordinance must appear in evidence before the magistrate; it will not be noticed judicially.

On *certiorari.*

Argued at February Term, 1889, before Justices SCUDDER, DIXON and GARRISON.

For the prosecutor, *G. D. W. Vroom.*

For the defendant, *W. L. Dayton.*

The opinion of the court was delivered by

GARRISON, J. This *certiorari* brings up the record of the summary proceedings had before one of the police justices of the city of Trenton, which resulted in the conviction of the prosecutor of the violation of an ordinance of the board of excise commissioners of the said city. Of the various reasons presented by the prosecutor for the reversal of the judgment against him, it will be necessary to consider but one, viz., that the ordinance of the excise board, for the alleged violation of which he was convicted, was not offered or introduced in evidence on the trial before the magistrate.

The complaint filed with the justice alleges that a certain sale of spirituous liquors by the prosecutor was " contrary to and violative of the ordinance entitled 'An ordinance concerning inns and taverns, saloons and bowling alleys, and the sale of intoxicating liquors in the city of Trenton,' passed by the board of excise commissioners of the said city of Tren-

ton, on the eleventh day of May, eighteen hundred and eighty-seven."

The existence of this ordinance is obviously the foundation of the entire proceeding against the prosecutor. The record of a conviction, resting solely upon this enactment as its foundation, would be fatally defective if it failed to show that the justice had, as part of the case before him, legal evidence of the existence of the ordinance which was the *gravamen* of the complaint. When a special power is given to a magistrate by statute to convict an offender in a summary manner, without a trial by jury, the record must show everything necessary to constitute a legal conviction. *Keeler* v. *Milledge*, 4 *Zab.* 142 ; *Doughty* v. *Conover*, 13 *Vroom* 193.

The transcript of the proceedings before the police justice in the present case shows that, after both sides had rested, a motion was made on behalf of the prosecutor, that the case be dismissed, upon the ground that it had not been shown that any ordinance had been violated—" no ordinance having been introduced in evidence,"—which motion the justice denied.

It was suggested upon the argument that the ordinance in question was one of which judicial notice might be taken. By this view it is assumed, as a rule of evidence, that the acts of a municipality will be noticed judicially by all the courts thereof. This position, which finds some support from the text writers, need not now be examined, inasmuch as the ordinance in question is not an enactment of the municipality of which the police justice is a judicial officer, but is a by-law or ordinance of one of the city departments, to wit, the board of excise commissioners.

This board is erected under the provisions of "An act to establish an excise department in cities in this state," approved April 8th, 1884 (*Pamph. L.*, *p.* 133), whereby the city council of any city is authorized to provide for the establishment of a board of excise commissioners, who shall, when organized, have the sole power to make by-laws or ordinances regulating the liquor traffic in said city, and prescribing and enforcing the penalty for the violation thereof.

The ordinances thus to be enacted are not submitted to city council for approval, but remain the sole and separate acts of the board of excise commissioners.

The extension of the doctrine of judicial notice to by-laws and enactments such as these would be to lay down the rule, that, before any municipal court, no proof need be offered of the acts or proceedings of any other department or subordinate body owing its existence to the same municipality. Such a doctrine need but be stated to be its own best refutation. It is, perhaps, needless to say, that not a vestige of authority for such a position can be found.

The record of this conviction therefore failing to show the ordinance of the board of excise commissioners upon which it rests, is fatally defective, and the judgment of the police justice must, for this reason, be reversed.