THE STATE, DANIEL SMITH, PROSECUTOR, v. JOHN GOULDY, RECORDER OF ATLANTIC CITY, EMERY D. IRELAN, CITY CLERK, AND JAMES A. RUSSELL.

1. A conviction upon an ordinance of a city which provides that the licensed owner of a vehicle for the carriage of passengers in said city shall have the licensed number conspicuously affixed to the vehicle, but which ordinance provides no penalty for its violation, can have no force or effect. Under such an ordinance no fine or penalty can be imposed upon conviction, and if fine or penalty be imposed the proceedings and conviction will be set aside upon *certiorari.*

2. The general principle is that an ordinance of a city prohibiting the commission of a certain act and prescribing a certain course of conduct to be followed, can have no binding force and is nugatory without the appropriate sanction of a fine or other penalty. The penalty imposed by the ordinance authorized by the legislature for the doing of certain specified acts amounts to a prohibition, and the prohibited acts thereby become unlawful.

---

On *certiorari.*

Argued at November Term, 1895, before Justices GARRISON and LIPPINCOTT.

For the prosecutor, *Clarence L. Cole.*

For the defendants, *Enoch A. Higbee.*

The opinion of the court was delivered by

LIPPINCOTT, J. This writ brings up for review a certain complaint, proceedings and conviction before John Gouldy, Esq., the recorder of Atlantic City, against the prosecutor, for a violation of the fourth section of an ordinance entitled "An ordinance governing, regulating and fixing fees of mercantile

licenses in Atlantic City," adopted by the city council May 13th, 1895.

The fourth section of this ordinance is as follows:

" Sec. 4. And be it further ordained that all persons owning vehicles of whatever character or rolling chairs that may be required to be licensed, shall by the mercantile appraiser be assigned a number for each vehicle or rolling chair so licensed, which number shall be set opposite the name of the owner and vehicle or rolling chair so licensed in a book of licenses to be kept by the said mercantile appraiser; said number so assigned shall be conspicuously and permanently fixed in plain view on said vehicle or rolling chair; provided, that no two vehicles or rolling chairs of the same description shall be given the same number."

The written sworn complaint in this matter, made by the defendant against the prosecutor, states that on August 4th, 1895, the prosecutor, being the owner of a one-horse omnibus, licensed as No. 141, drove it, or permitted it to be driven, for the conveyance of passengers in the public streets of Atlantic City without having the number conspicuously and plainly fixed in plain view on said omnibus, in violation of section 4 of the ordinance to which reference has been made. It is to be noticed that the complaint was made for the violation, solely, of the provisions of the fourth section. The complaint is wholly in this form. The evidence returned as a part of, and included in, the conviction shows that it was all directed to the proof that the licensed number was not fixed to the vehicle or omnibus of the prosecutor, and the conviction is for that offence under the fourth section of the ordinance. Under this conviction a penalty of $10 fine and $1.90 costs was imposed upon the prosecutor.

Section 4 of this ordinance provides no penalty whatever for the violation of its provisions. The entire ordinance has been certified, and it discloses that no other section enacts any penalty for the violation of the fourth section.

Upon this record and these facts it is plain that the proceedings against the prosecutor, his conviction and the im-

position of the fine and costs upon him were without the slightest legal warrant.

The complaint must distinctly show what ordinance has been violated, and there can be no conviction under any other ordinance or any other section of an ordinance, nor the imposition of any other penalty than that provided by the ordinance or section under which the complaint and proceedings are taken.

An attempt was made upon the argument to justify this conviction by virtue of the provisions of the seventh section of the ordinance. It will be perceived, upon an examination of that section, that it provides that any person engaged in the business of the operation of cars for local passenger traffic, public hacks or omnibuses, without having first a license from the city council, shall be subject to a fine not exceeding $200 for each offence. But the prosecutor was licensed, and the complaint was against him as a licensed owner for not affixing to his cab or omnibus the number of his license, and to this offence or neglect the seventh section has no relation whatever. The seventh section provides no penalty for not affixing his licensed number to his cab or omnibus.

An ordinance of the character and class in question, in order to support a conviction, must clearly and distinctly assign to the offence provided against, a penalty for its violation. It is this appropriate sanction which gives vitality and force to the ordinance and renders the prohibited act unlawful. Without the sanction of a penalty, both the ordinance and all proceedings thereon to enforce it are entirely nugatory and useless. No penalty having been provided for the violation of the ordinance, the conviction under it is a nullity and can have no force and effect whatever. *State* v. *Zeigler*, 3 *Vroom* 262, 268; *Smith* v. *Clinton*, 24 *Id.* 329; *State* v. *Cleaveland*, 3 *R. I.* 117; 1 *Dill. Mun. Corp.* (*4th ed.*), *p.* 410, §§ 308, 336, 338.

It is not necessary to consider the other reasons urged against the validity of the ordinance and the conviction under it.

The conviction must be set aside, with costs.