THE STATE, DAVID SLOCUM, PROSECUTOR, v. THE OCEAN GROVE CAMP MEETING ASSOCIATION, &c.

Where, by statute, a municipality is empowered to pass ordinances and to fix and prescribe penalties for their violation, the power to fix such penalties must be exercised by the municipality itself and cannot be delegated by it to the justice of the peace before whom a prosecution is had for an infraction of the provisions of one of such ordinances.

On *certiorari* to the Court of Common Pleas of Monmouth county.

Argued at February Term, 1896, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutor, *Samuel A. Patterson.*

The opinion of the court was delivered by

GUMMERE, J.    The judgment of the Common Pleas Court brought up by the writ in this case was recovered against the prosecutor for the violation of an ordinance of the defendant association forbidding the vending from a wagon of fruits and vegetables within the limits of the association territory, unless the person so vending should first take out a license for that purpose.    The suit was originally brought before a justice of the peace, and from the judgment rendered against him in the Justice's Court the prosecutor appealed to the Court of Common Pleas, which affirmed the judgment of the court below.    We are now asked to set aside the latter judgment as illegal and void.

In 1894 the legislature passed an act conferring certain governmental powers upon boards of trustees of camp meeting associations.    *Pamph. L., p.* 142.    By the eighth section of the act power was granted to such boards to make and enforce ordinances regulating the granting of licenses and fixing the fees to be paid therefor, and by the same section said boards were authorized to prescribe penalties for the

violation of such ordinances.    The ninth section of the act conferred upon such associations the right to prosecute any person before a justice of the peace for failure to observe the provisions of any such ordinance, and to recover judgment for the penalty prescribed therein.    *Gen. Stat., p.* 347, §§ 45, 46.

Under this statutory authority the board of trustees of the Ocean Grove Association passed an ordinance regulating the granting of licenses, and fixed the fees to be paid by hucksters and persons vending fruit and vegetables in wagons at $10. They further ordained that no person should use the streets within the limits of their territory for any purpose for which a license was required without first obtaining such license, and that anyone doing so should, upon conviction thereof before a justice of the peace, be punished for each offence by a fine of not less than $10 nor more than $25.

The validity of the judgment under review is challenged by the prosecutor on the ground that the portion of the ordinance which imposes punishment for infractions of the provision referred to is not within the grant of power conferred by the act of 1894 in that it fails to prescribe a precise penalty for such infractions, but leaves it to the justice of the peace by whom the case is heard to fix such penalty within certain limits.

This contention on the part of the prosecutor seems to me to be well founded.    The statute authorizes the board of trustees " to fix and prescribe penalties " for the violation of its ordinances, and this power cannot be delegated by the board to the justice of the peace before whom the prosecution is had.    In order to make effectual a prosecution for failure to observe the provision of an ordinance, the board of trustees must themselves fix the exact amount of the penalty to be imposed.    This was the view taken by this court in the case of *State* v. *Zeigler,* 3 *Vroom* 262, and again in *Melick* v. *Washington,* 18 *Id.* 254.

The judgment of the Court of Common Pleas should be reversed.