THE STATE, WILLIAM D. SALTER, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE CITY OF BAYONNE.

1. A mere transcript of the proceedings before a magistrate for the violation of an ordinance of a city, setting forth the taking of a sworn complaint, the issuing of a warrant, the names of witnesses sworn, the motion of counsel and the decision thereon by the magistrate, and the finding of guilt without stating the offence, and the imposition of a fine, is not a legal conviction.

2. The record of the conviction must show on its face every necessary ingredient of the offence. It must set out the offence with which the offender was charged, the names of the witnesses and sufficient of the evidence to show that the offence was committed, upon what evidence the conviction was had, and of what offence the offender was found guilty and the judgment which was imposed.

On *certiorari.*

Argued at February Term, 1896, before Justices LIPPINCOTT and LUDLOW.

For the prosecutor, *William H. Speer, Jr.*

For the defendant, *Thomas F. Noonan.*

The opinion of the court was delivered by

LIPPINCOTT, J. The writ of *certiorari* in this case removes into this court for review the conviction of the prosecutor by the recorder of the city of Bayonne, in the county of Hudson, for the violation of an ordinance of said city, entitled "An ordinance regulating inns, taverns, restaurants and beer saloons," passed February 3d, 1891.

The only governing body of the city of Bayonne is the council of the city, which enacts all ordinances. The ordinance was not offered in evidence, nor does it appear in any of the proceedings before the recorder nor in the conviction. The written complaint filed with the recorder deposes that the prosecutor sold to the deponent, in and at a certain building of the prosecutor, in the city of Bayonne, one glass of lager beer, and that deponent drank the same on the premises, and that the prosecutor, at that time, had no license to keep an inn or tavern, or restaurant or beer saloon, or either, in said house, building or premises; that no license was posted behind the bar, and the words "licensed," "licensed restaurant and beer saloon," "licensed restaurant" or "licensed beer saloon," were not placed over the main entrance, on the outside of the building; that the beer was not sold upon the prescription of a physician, and that the prosecutor was not a licensed druggist, all of which was in violation of the provisions of the ordinance to which reference has been made. Upon this complaint a warrant was issued for the apprehension of the prosecutor. He was apprehended, and, after a hearing before the recorder, he was found guilty of violating the ordinance and a fine of $20 was imposed upon him, besides costs of the proceeding.

The ordinance was not set out in the complaint or in any of the proceedings, and it was not produced nor offered in evidence, and counsel have in their argument and briefs devoted much space to the discussion of the question whether the recorder could take judicial notice of the ordinance. We do not find it necessary to discuss or decide this question. *Hankinson* v. *Trenton,* 22 *Vroom* 495.

An examination of the proceedings before the recorder reveals no conviction of the prosecutor. The return to the writ certifies memoranda by the recorder of making the complaint and issuing the warrant, the apprehension of the prosecutor, names of witnesses sworn, motions made by counsel before him, and the fact that the prosecutor was found guilty and fined. The recorder certifies this memorandum to be a

true transcript or true copy of his docket in the cause. No conviction of any offence under the ordinance is returned. It is necessary that every essential ingredient to the offence must be set out, and it must be definitely stated of what offence the violator of the ordinance is convicted. When a special power is given to a magistrate by statute to convict an offender in a summary manner, the record must show everything necessary to constitute a legal conviction. *Keeler* v. *Milledge,* 4 *Zab.* 142; *Doughty* v. *Conover,* 13 *Vroom* 193; *Hankinson* v. *Trenton,* 22 *Id.* 495.

Taking the so-called transcript as a conviction, it fails to set out with what offence the prosecutor was charged, or what ordinance or part of an ordinance was violated by him. The complaint set out several offences under the ordinance. The conviction fails to aver of which there was a conviction.

In these respects the conviction is faulty. *Buck* v. *Danzenbacker,* 8 *Vroom* 359.

The conviction must be set aside, with costs.