60 127
63 125
63 126
63 434

THE PHILADELPHIA AND BRIGANTINE RAILROAD COM-
PANY v. THE MAYOR AND COUNCIL OF THE BOROUGH
OF BRIGANTINE.

If boroughs possess the power to license "cars," the power exists under the
act of March 28th, 1892 (*Gen. Stat. p.* 274), and can be enforced only
by a precise pecuniary penalty fixed by the governing board of the
borough.

On *certiorari.*

Argued at November Term, 1896, before Justices DIXON
and LUDLOW.

For the prosecutor, *Washington B. Williams.*

For the defendant, *Allen B. Endicott.*

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up an ordinance passed
August 5th, 1896, by the mayor and council of the borough
of Brigantine on the subject of licenses. Among the matters
for which it requires licenses are " street, trolley or electric
cars," and the prosecutor, being engaged in running electric
cars through the borough, contends that the ordinance is in
that particular illegal. Of the reasons assigned for this con-
tention, it is necessary to notice only those relating to the
penalty prescribed for violation. This penalty is " a fine not
exceeding twenty dollars or imprisonment in the lockup
not exceeding ten days, or both, at the discretion of the
mayor or magistrate trying and having jurisdiction of the
offence."

The prosecutor insists that the penalty must be pecuniary
only and must be fixed precisely by the common council.

This position is well taken.

The counsel for the borough rests the ordinance on a stat-
ute approved May 2d, 1885 (*Gen. Stat., p.* 2234, § 517), and
urges that that law, in conjunction with section 8 of the act

for the formation of borough governments (*Gen. Stat., p.* 179), sanctions the present penalty. But we think that this law of 1885, so far as it related to the licensing of cars in boroughs, was superseded by the later act of March 28th, 1892. *Gen. Stat., p.* 274, § 509.

According to this act, the penalty is to be recovered by a suit in the court for the trial of small causes (*White* v. *Borough of Neptune City*, 27 *Vroom* 222), in which a summons is to be issued for the penalty, and if the defendant be found guilty, the magistrate is to " give judgment for the penalty sued for and costs," and execution is to issue against the goods and chattels and body of the defendant " for the amount of said penalty and costs." This plainly indicates that the penalty must be a sum of money exactly ascertainable before the suit is brought, and not left to the discretion of the magistrate. *State* v. *Ziegler*, 3 *Vroom* 262 ; *Melick* v. *Washington*, 18 *Id.* 254 ; *Smith* v. *Clinton*, 24 *Id.* 329.

Whether the still later act of May 1st, 1894, respecting licenses in the boroughs of this state (*Gen Stat., p.* 279, §§ 528, 532), is to be regarded as superseding all prior laws on that subject, and so abrogating all licensing powers not there specified, we need not now decide, for if it should have that effect, the power to license " cars " is wholly withdrawn from boroughs.

The ordinance is illegal so far as it prescribes penalties for the running of cars, and to that extent is set aside, but without costs, since it does not appear that the borough had made any attempt to enforce it against the prosecutor.