JEROME C. MASSINGER, PROSECUTOR, v. THE CITY OF
MILLVILLE ET AL., DEFENDANTS.

Submitted July 11, 1898—Decided February 27, 1899.

1. All ordinances in any of the cities, towns, boroughs, villages, town-
ships and other municipalities in this state, regulating the use of
bicycles and tricycles, must be in conformity with the provisions of an
act of the legislature entitled "An act to regulate the use of bicycles,
tricycles and similar vehicles, and to require uniformity of ordinances
affecting the same," approved March 3d, 1896. *Pamph. L., p.* 21.
This statute was intended to create uniformity in such ordinances in
all the municipalities of this state, and by its express provisions ren-
dered all ordinances then in existence regulating the use of bicycles
and tricycles inconsistent with its provisions of no force and effect
whatever. It by implication repealed all such ordinances. This act
also, by express enactment, created a uniform maximum penalty to be
imposed for the violation of such ordinances as were adopted in
accordance with its provisions.

2. The exercise of the discretion to impose a lesser penalty than that fixed
as the maximum was by the statute entrusted to the magistrate before
whom proceedings were to be taken to punish offenders for the viola-
tion of ordinances.

3. If a section of an ordinance which provides a penalty for the viola-
tion thereof is invalid, the whole of the ordinance becomes nugatory.

4. The proceeding under an ordinance for the violation thereof author-
ized to be taken before a mayor, police justice, recorder, justice of the
peace or other magistrate, is summary in its character, and must be in
conformity with the statute and the conviction must set forth the
offence with which the offender is charged, the names of the witnesses,
sufficient of the evidence to show what offence was committed, of what
offence there was a conviction and the judgment thereon. Without
these essentials the conviction is a nullity. A mere transcript of the
proceedings before the magistrate is not sufficient. There must be a
formal conviction containing the essentials required by law.

On *certiorari.*

Before Justices LIPPINCOTT and GUMMERE.

For the prosecutor, *Louis H. Miller.*

For the defendants, *Martin W. Lane.*

The opinion of the court was delivered by

LIPPINCOTT, J.   This writ brings up for review a conviction under an ordinance of the city of Millville, entitled "An ordinance to regulate the use of bicycles, tricycles and similar vehicles in the city of Millville."

The prosecutor is a physician in that city, and the proceedings were instituted against him for riding a bicycle on the streets of the city of Millville by night without having the lamp attached thereto, lighted.   He was convicted and the magistrate before whom the conviction was had imposed upon him a fine of $5 and costs for a violation of the ordinance.

The fact appears to be that he had an urgent call as a physician to attend a child lying at the point of death, and in his haste he forgot or neglected to light the lamp attached to his bicycle.

Section 1 of this ordinance provides that "every bicycle, tricycle and similar vehicle shall have a lighted lamp attached thereto, to be plainly seen fifty yards ahead, and said lamp shall be lighted between the hours from one hour after sunset to one hour before sunrise inclusive."

There are other sections of this ordinance regulating the use of bicycles, tricycles and other similar vehicles.

The fourth section of this ordinance also provides that any person violating any of the provisions of the ordinance, shall forfeit and pay a fine of $5 for each and every offence, to be collected in an action of debt.

The ordinance was passed by the city council of Millville on May 7th, 1897, and approved May 8th, 1897.

The only statute which at that time authorized the enactment of this class of ordinances was an act entitled "An act to regulate the use of bicycles, tricycles and similar vehicles, and to require uniformity of ordinances affecting the same," approved March 3d, 1896.   *Pamph. L., p.* 21.

This act authorizes the several cities, towns, boroughs, villages, townships and other municipalities to pass ordinances in relation to the subject-matter in accordance with the provisions of the act.

The first section of this act provides that the ordinance, if any shall be enacted, shall require that all bicycles, tricycles and similar vehicles, when in use in the public highways or streets or places, shall have a lamp of such illuminating power as to be plainly seen one hundred yards ahead attached thereto, and kept lighted between one hour after sunset and sunrise.

The act provides also that no city, town, borough, village, township or other municipality shall have power to make any ordinance, by-law or regulation respecting the use of bicycles or tricycles except as provided in the act ; and except as provided by this act no ordinance, by-law or regulation heretofore made or hereafter made by a city, town, borough, village or other municipality in respect to bicycles or tricycles shall have any force or effect.   It also repeals all acts inconsistent therewith.

This act evidently was intended to compel, under its provisions, a uniformity throughout the state of municipal regulations and ordinances respecting the use of such vehicles, and in providing, also, a uniform penalty for violation of such regulations and ordinances.

The ordinance in question in this case provided that the lamp should be only of such illuminating power as to be plainly seen fifty yards ahead.

The ordinance was, therefore, not in accordance with the provisions of the act of 1896.

The statute, with definiteness, provided for the precise character of the ordinance in this respect, and any other ordinance is void, whether it be more favorable to the public or to those who may violate it.   *Philadelphia and Brigantine Railroad Co.* v. *Borough of Brigantine*, 31 *Vroom* 127.

Section 1 of this ordinance, under which this conviction was had, is therefore void.

The statute of 1896, in paragraph 6, provides that every violation of ordinances passed in accordance with its provisions shall render the offender subject to a fine not exceeding $5, and that the justice, police judge, recorder or other magistrate who may have jurisdiction over such offence, in viola-

tion of the ordinance, may impose such fine, in his discretion, as he may think proper, not exceeding the sum of $5 for each offence.

The fourth section of the ordinance, to which reference is made, provides that the offender shall forfeit and pay a fine of $5 for each offence.

It will be seen that the ordinance should only have fixed the maximum of fine as provided by the statute, leaving to the magistrate the exercise of the discretion imposed by the statute. Instead, the council of the city exercised this discretion in the ordinance without reference to the offender or the circumstances of the violation, and deprived the magistrate. of any consideration of whether his discretion should be exercised in dealing with the offender to inflict a lesser fine than $5. The power of the council was to fix the amount beyond which the fine should not go. The power to lessen that fine was vested in the magistrate by the statute, and he could not be deprived of that power by the ordinance.

This section of the ordinance is not within the authority of the statute, and is, therefore, invalid. *Young & McShea Amusement Co.* v. *Atlantic City*, 31 *Vroom* 125; *Slocum* v. *Ocean Grove*, 30 *Id.* 110 ; *Philadelphia and Brigantine Railroad Co.* v. *Borough of Brigantine, supra.*

The section of the ordinance providing a penalty being void, leaves the other parts of the ordinance unenforceable. Without the sanction of a penalty, both the ordinance and all proceedings thereunder to enforce it are entirely useless and nugatory. *Smith* v. *Gouldy*, 29 *Vroom* 562.

An examination of the return to the writ does not disclose any proper conviction. The proceedings under the ordinance passed in accordance with the statute, are summary in their character, and the conviction must show on its face every necessary ingredient of the offence. It must set out the offence with which the offender was charged, the names of the witnesses, and sufficient of the evidence to show what offence was committed, upon what evidence the conviction was had and of what offence the offender was found guilty, and the judgment which was imposed.

In this case it appears that a jury was impaneled and sworn, and returned a verdict of guilty, and thereupon the magistrate imposed a fine of $5, and all the record returned outside of the complaint and summons is a mere transcript of the several steps taken in the matter. It does not appear of what offence the prosecutor was found guilty, nor does any conviction of the magistrate follow the finding of the jury. It does not appear by what authority in law a jury was impaneled to try the matter.

The conviction does not contain the essentials required by law. *Salter* v. *Bayonne*, 30 *Vroom* 128, and cases cited.

Numerous other reasons have been assigned by the prosecutor as rendering the conviction invalid, but they have not been considered.

The conviction is set aside, with costs.