## THE MAYOR AND ALDERMEN OF JERSEY CITY v. CHRISTOPHER F. NEIHAUS.

Argued February 19, 1901—Decided June 10, 1901.

A record of conviction in the police court of Jersey City for the violation of a city ordinance, which contains only the following, viz.: "Witnesses, Officer Rooney, Sergeant Snow, Officer Graf; defence, Christopher Neihaus, guilty, $25 fine," is bad, even under the statute simplifying what the record need show in police courts of cities.

On *certiorari.*

Before Justices GUMMERE and FORT.

For the prosecutor, *William H. Speer, Jr.*

For Jersey City, *John W. Queen.*

The opinion of the court was delivered by

FORT, J. The record of conviction sent up in this case, even as amended, is utterly devoid of any legal force.

This is the record:

"RECORD.

"The Mayor and Aldermen of Jersey City v. Christopher Neihaus. Violation city ordinance. October 20th, 1900.

"Witnesses, Officer Rooney, Sergeant Snow, Officer Graf; defence, Christopher Neihaus, guilty, $25 fine.

"This is to certify that the foregoing is a true copy of the record in the above case.

"Witness my hand and seal this nineteenth day of November, A. D. 1900.

"JAMES J. MURPHY, [SEAL.]

"*Judge of Second Criminal Court of Jersey City.*

"Attest:

"JAMES F. NORTON,

"*Clerk.*"

This is clearly bad, even under the statutes, which very much simplify the requirements to be set out in a conviction in the police courts of cities of the first class. *Gen. Stat., p.* 2497, § 97.

Under the common law rule as to such convictions it is, of course, worse.

It would be quite within the record to characterize such a conviction as indefensible, and one not to be expected from a police magistrate in cities of the first class. It seems utterly without excuse. *Salter* v. *Bayonne,* 30 *Vroom* 128; *Preusser* v. *Cass,* 25 *Id.* 532; *Elizabeth* v. *Central Railroad Co., post* p. 568.

The conviction is set aside.