### CITY OF LAMBERTVILLE v. RICHARD B. APPLEGATE.

Submitted July 7, 1905—Decided November 13, 1905.

When the authority to impose a penalty conferred upon the legislative body of a municipality involves a purely legislative discretion, such body must itself exercise such discretion by fixing the precise sum of such penalty.

On *certiorari* to review conviction.

Before Justices GARRISON and GARRETSON.

For the prosecutor, *Walter F. Hayhurst* and *Frank S. Katzenbach, Jr.*

For the defendant, *Lambert H. Sergeant.*

The opinion of the court was delivered by

GARRISON, J. The prosecutor of this writ of *certiorari* was convicted before a justice of the peace of the violation of an ordinance of the city of Lambertville, entitled "An ordinance to license and regulate hawkers and peddlers," passed September 6th, 1893. Judgment was given for $10 penalty and costs.

The charter of the city of Lambertville (*Pamph. L.* 1868, p. 960, § 21) authorizes the passage of such an ordinance. Section 23 provides "that in all cases where by the provisions of this act the common council have authority to pass ordinances on any subject they may prescribe a penalty or penalties for violation thereof, either by imprisonment, not exceeding seven days if in the town jail, or by fine, not exceeding one hundred dollars, or both."

The ordinance under review, in its fourth section, provides:

"SEC. 4. Any person found guilty of a violation of this ordinance shall be fined a sum not less than five dollars nor more than twenty dollars, or be imprisoned in the city jail for a time not exceeding seven days, or in the common jail of the county of Hunterdon not exceeding sixty days, or to be both fined and imprisoned."

This delegation to the magistrate of the power to fix the penalty for the violation of the ordinance is not within the authority conferred by the legislature upon the common council of the city of Lambertville. *Slocum* v. *Ocean Grove,* 30 *Vroom* 110.

The determination of the penalty that will be likely to induce peddlers to take out the prescribed license or to deter them from pursuing their calling without one, is purely a legislative question, hence when the authority to prescribe such penalty is conferred upon a legislative body such body must itself fix the precise sum of such penalty. *Young & McShea* v. *Atlantic City,* 31 *Vroom* 125.

This is equally so with respect to license fees imposed for revenue. Where the fixing of the amount of the penalty presents a judicial question arising from the circumstances of

each case that calls for its imposition, the exercise of such right by a magistrate within limits prescribed by the legislative body of the municipality is not deemed a delegation by such body of its authority, but only a mode for its more efficient exercise. *Haynes* v. *Cape May,* 23 *Vroom* 180.

It is a question of legislative intention, for the ascertainment of which the guide applicable to the present case is that a legislative function conferred upon a legislative body is intended to be exercised by it, and not to be handed over to the determination of a judicial tribunal.

The ordinance brought up by this writ being invalid in this essential particular, the conviction of the prosecutor under it is set aside without regard to the other reasons filed and argued by him.