THE MAYOR AND BOARD OF ALDERMEN OF THE TOWN OF MORRISTOWN ET AL. v. JOSEPH MURPHY AND GEORGE DOLAN, PROSECUTORS.

Submitted July 5, 1911—Decided November 13, 1911.

1. The record of conviction in a proceeding before a police justice in the town of Morristown for the violation of an ordinance must set out sufficient evidence to show that the offence charged in the complaint was committed, in order to constitute a legal conviction.

2. Testimony that "defendants were in their hacks at places not designated as public hack stands" does not justify a conviction of the defendants of the offence of "standing with their hacks at a place which had not been designated as a public stand for hacks."

On *certiorari*.

Before Justices GARRISON, TRENCHARD and KALISCH.

For the prosecutors, *Willard W. Cutler*.

For the defendants, *Charles A. Reed*.

The opinion of the court was delivered by

TRENCHARD, J.  The prosecutors of this writ were arrested upon a warrant issued by a police justice upon a complaint that they "did stand with their hacks at the railroad station on Morris street, in Morristown, New Jersey, at a place which had not been designated as a public stand for hacks," &c., contrary to the provisions of "An ordinance concerning licenses to hackmen and others," &c.

The record of conviction states that upon the hearing the police justice "adjudged them guilty of the violation of section 14 of 'An ordinance concerning licenses to hackmen and others,' and sentenced each of them to pay a fine of $5, with costs of $1.75 each."

Upon appeal such conviction was affirmed by the mayor and board of aldermen of the town of Morristown.

By this writ the prosecutors challenge the validity of such conviction and of such affirmance thereof.

We have not found it necessary to consider many of the questions argued, because we are of the opinion that such conviction must be set aside for the reason that the record of the conviction does not set out any evidence to show that the offence charged in the complaint was committed. *Salter* v. *Bayonne,* 30 *Vroom* 128; *Massinger* v. *Millville,* 34 *Id.* 123; *Elizabeth* v. *Central Railroad Co.,* 37 *Id.* 568.

The only evidence set out is that of a witness who testified "that defendants were in their hacks at places not designated as public hack stands." That does not tend to show that they were standing with their hacks at a place which had not been designated as a public stand for hacks. If to be "in their hacks at places not designated as public hack stands" justified their conviction, they could never lawfully move from such designated stands.

The judgment of the mayor and board of aldermen affirming such conviction will be reversed, and the conviction set aside, with costs.