MAX FIELDS, PROSECUTOR, v. VINCENT C. DUFFY, RE-
CORDER OF THE CITY OF PATERSON, RESPONDENT.

Argued May 7, 1935—Decided July 20, 1935.

Before Justices PARKER, CASE and BODINE.

For the prosecutor, *Peter Cohn.*

For the respondent, *Charles F. Lynch.*

The opinion of the court was delivered by

PARKER, J.   Prosecutor was convicted before the Recorder's
Court of Paterson, of violating a city ordinance providing
for licensing as auctioneer on application, any person who
has been a resident of the city for not less than one year;
and that no person shall act as auctioneer without license,
under a penalty of $50.   Other features of the ordinance
are not material here.   Prosecutor had no Paterson license,
and under the terms of the ordinance was not eligible for
one, being a resident of Newark.   He claims that his applica-
tion for license was refused.   The testimony in the Re-
corder's Court, however, is not before us, and the deposi-
tions are unavailable.   *South Brunswick* v. *Cranbury,* 52
*N. J. L.* 298.   Prosecutor was fined $50 as provided in the
ordinance.

We think the restriction of a license to residents was unreasonable and illegal. A number of cases on this point are collected in *Westfield* v. *Stein,* 113 *N. J. L.* 1 (at *p.* 3). But the point is not strictly before us. Prosecutor admittedly had no license. He asserts now that he applied for one and was refused on the ground of non-residence, and, as already noted, made that defense in the Recorder's Court. But if so made, it was not a defense there, for if the refusal was unwarranted, his remedy was by *mandamus* and not by doing business unlicensed. He could claim no higher privilege than a resident, *i. e.,* to a status for licensing purposes.

However, the conviction must be set aside because of the illegal penalty, fixed at $50, no more, no less. This is in violation of section 7 of article 10 of the Home Rule act (*Pamph. L.* 1917 (at *p.* 347); *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2105, § *136-1007*), authorizing imprisonment not exceeding ninety days, or fine not exceeding $200, or both, with power to the magistrate to impose punishment within those limits. The ordinance antedates the statute, but that does not help the matter. *La Forgia* v. *Hoboken,* 10 *N. J. Mis. R.* 657. The recorder made a decision in writing citing this case, but disregarded it.

The conviction is set aside, with costs.