### THIRD CRIMINAL COURT OF THE CITY OF NEWARK.

CITY OF NEWARK, WILLARD A. REED, SUPERINTENDENT, COMPLAINANT, v. ABE LAFER, TRADING AS LAFER DISTRIBUTING COMPANY, DEFENDANT.

Decided March 12, 1936.

For the complainant, *Sidney Simandl.*

For the defendant, *Martin Klughaupt.*

VILLANI, POLICE COURT JUDGE. The defendant is charged by the complainant with having violated section 360 of the ordinance of the city of Newark, in that "defendant on the 13th day of August, 1935, did sell to one, Nick Szkolas, certain barrels containing a commodity known as lager beer, as and for fifteen and one-half (15½) gallons of said lager beer, when in truth and in fact the true measure thereof contained in said barrel was thirteen and one-half (13½) gallons."

The defendant contends that section 360 of the ordinance of the city of Newark is invalid as contrary to section 7, article X of the Home Rule act (*Pamph. L.* 1917, *p.* 347, § 7, *art.* X; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2105, § \*136-1007, 7) in that the ordinance fixes a minimum penalty of $25 thereby depriving the magistrate of any discretion in fixing the penalty. I think such contention is well taken.

The pertinent part of section 360 which defendant challenges is as follows: "Any person * * * that * * * sells * * * less than the quantity represented of any com-

modity * * * shall for the first offense be liable to a penalty of not less than twenty-five dollars ($25.00) or more than fifty dollars ($50.00) * * *."

Section 7, act X, of the Home Rule act (*supra*), provides: "The governing body of every municipality may prescribe a penalty * * * for violation of any ordinance * * * either by imprisonment in the county jail or in any place provided by the municipality * * *, not exceeding ninety days, or a fine not exceeding two hundred ($200.00) dollars or both."

The statute clearly on its face deprives the municipality of the power of fixing a minimum penalty.

The cases of *Massinger* v. *Millville*, 63 *N. J. L.* 123; 43 *Atl. Rep.* 443; *La Forgia* v. *City of Hoboken et al.*, 160 *Id.* 502, and *Friedman* v. *Maines*, 8 *N. J. Mis. R.* 703; 151 *Atl. Rep.* 472, hold that the taking away of the magistrate's discretion in lessening the fine is in violation of the Home Rule act, section 7, act X, *supra*.

"*It will be seen that the ordinance should only have fixed the maximum* of fine as provided by the statute leaving to the magistrate the exercise of the discretion imposed by statute. Instead, the council of the city exercised this discretion in the ordinance without * * * reference to the circumstances of the violation and deprived the magistrate of any consideration of whether his discretion should be exercised in the dealing with the offender to inflict a lesser fine." *Massinger* v. *Millville, supra.*

For this reason the ordinance is invalid and the complaint must be dismissed.

Therefore it is not necessary to consider the other points raised.