PFISTER CHEMICAL COMPANY, INCORPORATED, A COR-
PORATION, PROSECUTOR, v. LAWRENCE D. ROMANO,
RECORDER OF RECORDER'S COURT OF THE BOROUGH
OF RIDGEFIELD, AND THE BOROUGH OF RIDGEFIELD,
DEFENDANTS.

Submitted October term, 1936—Decided January 4, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and
PERSKIE.

For the prosecutor, *Gilbert E. Crogan, Jr.* (*Harry B. Hyde,*
of counsel).

For the defendants, *Lloyd L. Schroeder.*

BROGAN, CHIEF JUSTICE. The prosecutor of this writ was
convicted in the Recorder's Court of the borough of Ridge-
field of violating a municipal ordinance, the object of which
was to abate nuisances resulting from the discharge of fumes,
smoke, soot, gaseous vapors, and the like.

The validity of the ordinance is challenged by the prosecu-
tor on the ground that it is in conflict with the provisions of
article 10, section 7, of the Home Rule act, chapter 152,
*Pamph. L.* 1917; *Cum. Supp. Comp. Stat.* 1911-1924, *p.*
2105, § *136-1007. That article reads as follows:

"7. The governing body of every municipality may pre-
scribe a penalty or penalties for the violation of any ordinance
or ordinances it may have authority to pass, either by impris-

onment in the county jail or in any place provided by the municipality for the detention of prisoners, not exceeding ninety days, or a fine not exceeding two hundred dollars, or both. The magistrate before whom any violator of any such ordinance is convicted shall have power to impose any fine · or term of imprisonment *not exceeding the maximum fixed in such ordinance*. In default of the payment of any fine imposed thereunder any person convicted of the violation of any ordinance of any municipality may, in the discretion of the magistrate by whom he was convicted, be imprisoned in the county jail, or any place of detention provided by the municipality, for any term not exceeding ninety days." (Italics ours.)

It is quite plain that the statute enables the governing body to provide a penalty or sanction for the enforcement of its ordinances. It is also plain that the legislature intended that the tribunal before which offenses against ordinances of this character are cognizable should possess a reasonable discretion in the matter of the penalty to be inflicted upon the person found guilty of violating such ordinances.

The second section of the ordinance before us provides that offenders against its provisions shall be fined the sum of $50 or imprisoned in the county jail. We perceive no room for discretion here for a magistrate to exercise. Instead the governing body has appropriated this discretion in the ordinance itself without reference to the offender or the circumstances of the violation, and deprived the magistrate of any consideration of whether his discretion should be exercised in dealing with the offender to inflict a lesser penalty than a $50 fine. For this reason the ordinance is invalid. A like situation was disposed of in the case of *Massinger* v. *Millville,* 63 *N. J. L.* 126; 43 *Atl. Rep.* 443, where the court said: "The power of the council was to fix the amount beyond which the fine should not go. The power to lessen that fine was vested in the magistrate by the statute, and he could not be deprived of that power by the ordinance.

"This section of the ordinance is not within the authority of the statute and is, therefore, invalid. *Young & McShea Amusement Co.* v. *Atlantic City,* 60 *N. J. L.* 125; 37 *Atl.*

Rep. 444; *Slocum* v. *Ocean Grove,* 59 *N. J. L.* 110; 35 *Atl. Rep.* 794; *Philadelphia and Brigantine Railroad Co.* v. *Borough of Brigantine,* 60 *N. J. L.* 127; 37 *Atl. Rep.* 437.

"The section of the ordinance providing a penalty being void, leaves the other parts of the ordinance unenforceable. Without the sanction of a penalty, both the ordinance and all proceedings thereunder to enforce it are entirely useless and nugatory. *Smith* v. *Gouldy,* 58 *N. J. L.* 562; 34 *Atl. Rep.* 748;" *Friedman* v. *Maines,* 8 *N. J. Mis. R.* 703; 151 *Atl. Rep.* 472; *affirmed,* 110 *N. J. L.* 454; 166 *Atl. Rep.* 148; *Fields* v. *Duffy,* 115 *N. J. L.* 319; 180 *Atl. Rep.* 225.

The prosecutor also challenges the validity of the conviction for the reason that the return to this writ does not set forth any evidence to show that the offense charged in the complaint was committed. The return recites that the prosecutor did, on a certain date and between certain hours of that day, permit and allow the escape of fumes, vapors, &c., in sufficient quantity to cause injury to health or damage to property within the meaning and intent of the ordinance in question. This is a mere conclusion on the part of the recorder of the municipality without any facts upon which it may be justified.

The ordinance prescribes that it shall be unlawful to permit the emission of dense smoke, &c., in sufficient quantity to cause injury to health or damage to property. Manifestly to sustain a conviction it must be shown that the violator of the ordinance offended against its provisions to a degree to warrant the conclusion that the act complained of did cause injury to health or damage to property. The return must contain sufficient recitation of testimony to warrant the finding that the offender did in fact violate the ordinance. The return herein is insufficient in this respect. *Sawicki* v. *Keron et al.,* 79 *N. J. L.* 382; 75 *Atl. Rep.* 477; *O'Driscoll* v. *Scott et al.,* 12 *N. J. Mis. R.* 516; 172 *Atl. Rep.* 797; *affirmed,* 114 *N. J. L.* 265; 176 *Atl. Rep.* 170.

Our conclusion is that the ordinance is invalid for the reasons first above indicated and that apart therefrom the conviction cannot be sustained on the record.

The judgment is reversed, with costs.