EASTERN DIST.
*May*, 1840.

NOTT & CO.
*vs.*
PAPET ET AL.

---

### NOTT & CO. *vs.* PAPET ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Brokers are not licensed in this state, and as such are unknown to our law.

A party to a contract who denies that he acted as principal must show that he made this known at the time of the contract, or allege and prove his agency at the trial.

Brokers in this state buy and sell paper on their own account, and that of others; and must be responsible as all other individuals.

And where a broker failed to disclose his principal at the time of sale of a promissory note, or show who he was at the trial, he was considered as having sold the note on his own account, and held responsible for its genuineness.

There is no usury in the sale of a note, although more than the highest rate of conventional interest was deducted, if the vendor does not endorse it, or is not a party to it.

It is of the essence of the contract of loan, that he who receives money is bound to return it, and to which alone usury attaches.

This is an action first instituted against the maker and endorser of a promissory note. They both expressly denied that they signed and endorsed said note, and charged that their names were forged or counterfeited, and prayed to be dismissed.

The plaintiffs, in an amended petition, alleged that they purchased the note sued on, from Charles Papet, for a valuable consideration, and prayed that he be made a party, and cited to defend this suit against the charge of forgery; and that in case the defendants succeeded in establishing their defence, the plaintiffs have judgment against Papet for the amount of said note and protest, and for damages.

Papet pleaded a general denial. He denied specially having *sold* the note, because he never was the owner of it; averred that he was a duly licensed broker, and paid taxes as such; and that if he delivered the note in question to the plaintiff, it was as an exchange broker; and he was not apprised that it, or any other note he may have negotiated, was not genuine. He pleads usury, and the want of amicable demand.

Upon these pleadings and issues, the cause was tried before the court and a jury.

The defendants proved that their signatures were not genuine, to the satisfaction of the jury.

It was also shown that the plaintiffs purchased the note in question of Papet. The latter admitted to a witness that he sold it to the plaintiffs. The note was for four thousand dollars, and the plaintiffs gave a check for three thousand eight hundred and fifty-three dollars and thirty-two cents, deducting from the note one hundred and forty-six dollars and sixty-eight cents, for eighty-eight days interest.

After hearing the evidence and receiving a charge from the judge, the jury returned a verdict "for the defendants."

There were several bills of exception taken to the charge of the judge, and other of the proceedings, which it is unnecessary to notice. The facts of the case are nearly all shown by the pleadings.

From judgment confirming the verdict, the plaintiffs appealed.

*Curry*, for the plaintiffs, submitted the following points in writing:

1. The evidence does not warrant a verdict in favor of the maker and endorser, on the ground that their names are forged or counterfeited. The witnesses speak doubtfully and

hesitatingly of the signatures. The principal witness, himself a broker, says he has taken notes with similar signatures, as genuine.

2. The instructions of the district judge to the jury are erroneous and improper, on the grounds set forth in the exceptions taken.

3. If the endorsers are not liable, Papet is, as the vendor of the note sued on. He cannot escape on the plea that he was a broker, for he disclosed no principal. He either acted as agent or principal, and if he disclosed no principal, he must be liable individually.

4. The vendor guarantees the genuineness of the note, though not the solvency of the makers. The vendor is always bound in warranty, unless expressly excepted. The maxim of the civil law is *caveat vendor*.

*Denis, Preston* and *Pichot*, appeared for the defendants, in the court below.

*Eustis* and *Benjamin*, for the plaintiffs.

*Martin, J.*, delivered the opinion of the court.

This is an action against A. Foucher as maker, and F. Saulet as endorser, of a promissory note.

The defendants severed in their answers, but both expressly averred that they did not sign and endorse their names to the note sued on, and that their signatures are counterfeited or forged.

On the filing of these answers, the plaintiffs presented a supplemental petition, alleging that they purchased and held said note as the vendees of one Charles Papet, for a valuable consideration; and as the defendants, by their answers, deny their signatures, and allege them to be forgeries, they pray that Papet be made a party defendant, and in case the defendants are not liable, that they have judgment against him for the amount of said note.

Papet pleaded a general denial, and averred that if he sold and delivered the note sued on to the plaintiffs, it was as an exchange broker, and that he was a duly licensed broker,

and acted in that capacity alone. He also avers, that he
never knew of any note he may have passed or negotiated, as
broker, was ever false or forged. Lastly, he pleads the want
of amicable demand, and usury.

There was a verdict and judgment for the defendants, and
the plaintiffs appealed.

The jury, in our opinion, correctly found for the maker
and endorser of the note, as the evidence satisfied the jury
that their signatures were forged, and we are unable to say
that they erred. The case is, therefore, to be considered
with regard to Papet alone.

Our attention is drawn to a bill of exceptions taken to the
charge of the court. The jury were instructed, "that if
they considered it proved that this defendant sold the note,
he must show for whom he acted as broker; which may be
shown when called on, although not done at the time of the
sale. That the defendant being proved to be a licensed
broker, is presumed, in making the sale of the note, to have
acted as such, although he named no principal, for whom he
acted at the time. But, when called on in a case like the
present, it is incumbent on him to disclose his principal; and
if he does not, he will be presumed, in law, to be the owner."
"If the jury, however, believe that the defendant passed the
note as a mere agent, or broker, although he was unable to
prove his agency as to any particular individual, and was
guilty of no fraud, the jury ought to find in his favor."

If the plaintiffs and appellants have a right to complain
of any part of this charge, it must be the last part of it. We
have not inquired into its correctness, because it has not
appeared to us to have any bearing on the case.

We are ignorant of any law of this state, authorizing, or
relating to licensed brokers. They are not known to us.
Parties to a contract, who deny that they acted as principals,
must show that they made this known at the time of the
contract, or allege and prove it at the trial. The term *agent*
is a relative one; and it is of its essence that it have its
correlative, to wit: a principal. Brokers in this state buy
and sell paper on their own account, and on that of others.

Brokers are
not licensed in
this state, and as
such are un-
known to our
law.
A party to a
contract who de-
nies that he act-
ed as principal,
must show that
he made this
known at the
time of the con-
tract, or allege
and prove his
agency at the
trial.

EASTERN DIST.  When they sell on their own account, they must certainly be
*May*, 1840.    responsible, as all other individuals.  This responsibility

NOTT & CO.      would vanish, if they could escape from it by alleging, with-
*vs.*           out proving it, that they acted for another.  If the respon-
PAPET ET AL.
Brokers in this  sibility does not rest on the agent, it must lie on the princi-
state buy and sell  pal; and he must be made known, otherwise, the responsi-
paper on their
own account and  bility would be removed from the agent, without being fixed
that of others;  on any one else.  Papet, not having disclosed his principal
and must be re-
sponsible as all  in this case, at the time of the sale, nor shown who he was
other individu-  at the trial, must be considered as having sold the note on
als.
And where a    his own account, and be held responsible for its genuineness.
broker failed to
disclose his prin-  We do not mean, however, to say, that at the time of the
cipal at the time
of sale of a pro-  sale, the broker must name the owner of the paper, but it is
missory note, or  his duty to make known to the purchaser that he does not
show who he was
at the trial, he  sell on his own account.
was considered
as having sold      There was no usury in this transaction, although more
the note on his
own account,and  than the highest rate of conventional interest was deducted
held responsible
for its genuine-  in the sale of the note; for the vendor, not having endorsed
ness.
There is no    it, would not have been bound to repay what he received, if
usury in the sale  it had been genuine.  It is of the essence of the contract
of a note, al-
though more   of loan, that he who receives the money, should incur the
than the highest  obligation to return it.  The contract which intervened
rate of conven-
tional interest  between the parties in this case, was one of sale; so that
was deducted, if  the plea of usury is unavailable.
the vendor does
not endorse it.
It is of the es-     It is, therefore, ordered, adjudged and decreed, that the
sence of the con-
tract of loan,that  judgment of the District Court, so far as it relates to the
he who receives  defendants, Foucher and Saulet, be affirmed, with costs.  It
money is bound
to return it, and  is further ordered, adjudged and decreed, that the judgment,
to which alone,
usury attaches.  as far as it relates to the defendant, Papet, be annulled and
reversed; and that the plaintiffs recover from the heir of
Papet, made a party to this appeal, the sum of four thousand
dollars, with three dollars costs of protest; no amicable de-
mand being necessary in a call in warranty; and it is ordered
that the defendant pay costs in both courts.