### Christopher M. Haile v. Jean Baptiste Rils.

The costs of advertising a sheriff's sale, if required to be paid in cash, must be advanced by the sheriff and charged with his costs, or he must call on the plaintiff in execution to provide him with the necessary funds. If not required to be paid in cash, the party will be presumed to have credited the sheriff who employed him, who signed the advertisements and sent them for publication, and who had a right to retain the amount of the charges out of the proceeds of the property, if sold for cash, or, if at a twelve-month's credit, to refuse to transfer the bond to the plaintiff in execution until they were paid.

Appeal from the District Court of Iberville, *Nicholls, J.*

*Labauve*, for the plaintiff.

*A. N. Ogden*, for the appellant.

Morphy, J. This action is brought to recover of the defendant, late sheriff of the parish of Iberville, $539, for a large number of advertisements of sales, which he caused to be published in the Planters' Gazette, a weekly paper, of which the plaintiff is owner and editor, from the 15th of May, 1841, to the 14th of January, 1843, inclusively, as detailed in a long account annexed to the petition. There was a judgment below in favor of the plaintiff, and the defendant appealed.

The testimony taken on the trial sufficiently establishes, we think, the correctness of the account. It was never objected

to by the defendant when presented to him, but he said that he did not believe he was liable for some of the items charged in it, as the property advertised had been sold at twelve months' credit, and he did not think himself bound to pay until the price was collected. Such is the defence offered in this court. No evidence has been adduced to show in what cases the charges for printing were collected by the defendant with his other costs, nor in what suits they are yet due; but the account shows that during the period it embraces, moveables, slaves, and lands were advertised by the sheriff for sale, and that the last advertisement was made on the 14th of January, 1843. The question then is, whether the sheriff, when he needs the services of others in the discharge of his official duties, is not personally liable to the persons whom he employs? We think that he is. There are expenses which the sheriff must necessarily pay himself, or become responsible for in the exercise of his official duties, and which he has a right to charge for among his costs. Such are the certificate to be taken at the office of the Recorder of Mortgages, the drayage and storage of goods, the necessary disbursements for the preservation and keeping of property under seizure, &c. Code of Practice, articles 655, 661, 678. Of the same kind are the expenses for printing the necessary advertisements for sales which it becomes his duty to make. If the persons whose services he needs refuse to render them except for cash, the sheriff must either make the advance himself and charge it with his costs, or he must call upon the plaintiff in execution to provide him with the necessary funds. If they do not require cash, they must be presumed to have credited the person who employs them, unless the contrary is shown. There is no evidence that when the plaintiff was employed, it was agreed that he was to be paid only when the sheriff should have collected the money from the person to whom he had a right to charge such disbursements. The sheriff is authorized by law to call upon the plaintiff in every suit for his costs and charges, every six months. B. & C's. Dig., p. 445. If the latter pays them to that officer, and he fails to remunerate the services of the persons he employs, they can surely have no claim upon the plaintiff, who will be completely exonerated by

such payment. The plaintiff then, we think, had clearly the right to look for his pay to the defendant, who signed and sent to him the advertisements to be published, and who has retained, or had a right to retain the charges for printing out of the proceeds of the property if sold for cash; or, if any part of it was sold at twelve months' credit, he had the right to refuse to transfer the bond to the plaintiff in execution, and to keep it until his costs and charges were paid to him.

*Judgment affirmed.*