*31 Vroom.* Young & McShea Amusement Co. v. Atlantic City.

----

## THE YOUNG & McSHEA AMUSEMENT COMPANY v. ATLANTIC CITY.

Under a statute which authorizes the governing bodies of municipalities to enforce their ordinances "by reasonable penalties which may be imposed for revenue," the governing body must itself fix the precise penalty to be imposed, and cannot leave it to the discretion of the trial court.

On *certiorari.*

Argued at November Term, 1896, before Justices DIXON and LUDLOW.

For the prosecutor, *Clarence L. Cole.*

For the defendant, *Allen B. Endicott.*

The opinion of the court was delivered by

DIXON, J. The Young & McShea Amusement Company having been convicted by the recorder of Atlantic City, for

violating "An ordinance [passed March 31st, 1890] to regulate the use of the sixty-feet-wide street along the ocean front," and fined therefor $50, now contends that the section of said ordinance prescribing the penalty is illegal. That section declares that violators may be punished by fine not exceeding $200, or imprisonment not exceeding thirty days, as the mayor, recorder or aldermen may direct.

The statute under which the ordinance was passed (*Gen. Stat.*, *p.* 529), in section 11, enacts that the council "may enforce such regulations and rules as may be adopted, by reasonable penalties which may be imposed for revenue."

The prosecutor insists that, under this law, the council must designate the precise penalty to be imposed.

The principle laid down in this state is that, under statutory authority to exact penalties for violation of municipal ordinances, the governing body of the municipality may confer upon the court trying the offender the power of adjusting the penalty, within statutory limits, to the circumstances of each case (*McConvill* v. *Jersey City*, 10 *Vroom* 38; *Leland* v. *Commissioners*, 13 *Id.* 375), unless the statute evinces an intention that the governing body should itself fix a precise sum. *State* v. *Ziegler*, 3 *Vroom* 262; *Melick* v. *Washington*, 18 *Id.* 254; *Smith* v. *Clinton*, 24 *Id.* 329.

In the statute now under consideration we think such an intention is disclosed. The penalty is to be "imposed for revenue." This singular provision seems to invoke the exercise of the taxing power (*North Hudson County Railway Co.* v. *Hoboken*, 12 *Vroom* 71) in conjunction with the police power, and to require that the impost should be graduated, not so much by the circumstances of the particular case as by the needs of the municipality within reasonable bounds. The ascertainment of the sum to be charged for this latter object is not a judicial function. *Munday* v. *Rahway*, 14 *Vroom* 338.

Our conclusion is that the council should have prescribed an exact penalty, and therefore the present judgment should be reversed, with costs.