BAYARD HAMBLET v. THE MAYOR AND COUNCIL OF ASBURY PARK.

The validity of an ordinance of a city of this state imposing a license fee for revenue will not be adjudicated upon a writ of *certiorari* brought by a non-resident prosecutor against whom no action has been instituted.

On *certiorari.*

Argued at February Term, 1898, before Justices GARRI-
SON and LIPPINCOTT.

For the prosecutor, *Edward A. S. Man.*

The opinion of the court was delivered by

GARRISON, J.   The prosecutor of this writ is a citizen of
the State of New York, who resides in the city of New York,
where his father has a grocery business, in connection with
which the prosecutor, for some years past, has been soliciting
orders in Asbury Park, in this state.   This writ is brought
to set aside an ordinance of the city of Asbury Park, by
which, under legislative authority, a license fee is imposed
upon a variety of vocations for revenue.   One of the callings
thus taxed is that of " soliciting agent to others than the keep-
ers of shops and stores."   The affidavits upon which this
writ was allowed are not before us, but the prosecutor has,
by proofs taken under the writ, made the case upon which he
rests his right to annul the municipal act in question.   His
right rests upon two facts—one, that the city clerk of Asbury
Park handed to the prosecutor a copy of the ordinance, and
said that if he sold goods without a license he would be liable
to its penalties; the other, that the father of the prosecutor
received by mail a copy of the ordinance, upon which was
stamped the figure of a " hand " pointing to the section about
soliciting orders.   The question is whether the apprehension
arising from these circumstances gives to the prosecutor a
right to attack the ordinance in advance of any action taken
against him for the enforcement of its penalties.   To place
the matter upon the footing most favorable to the prosecutor,
it may be assumed that the fee in question cannot lawfully
be imposed upon a resident of a sister state in view of the
decision of the Federal Supreme Court.   *Robins* v. *Shelby
County,* 120 *U. S.* 489.   The establishment of this doctrine,
in its application to the ordinance before us, carries with it
the corollary that the ordinance must, if possible, receive a

construction that will make it applicable to citizens of this state only. It is only by assuming that violence will be done to this fundamental doctrine that the prosecutor can apprehend injury from the enactment in question. Whether such a construction will be put upon it by the municipality, can be known only by the institution of proceedings against the prosecutor; whether a like construction will be placed on it by the judicial tribunal in which the action is heard, can be known only by a conviction and judgment for the penalty prescribed by the ordinance. Such a conviction alone can furnish evidence that the ordinance affects the prosecutor, and thus present in concrete form and as to the particular vocation the issue now sought to be raised as a moot question involving the fate of the entire taxing scheme. The remedy by *certiorari* to annul this ordinance is not, in my opinion, open to the prosecutor in advance of any action taken against him under its provisions.

In reaching this conclusion, I am aware that the opposite view receives countenance from some, and confirmation from other cases decided in this court. A review, however, of our domestic law of *certiorari*, from the time when we departed from the rule of English practice, will show that, after some vacillation, the correct rule was finally declared by our court of last resort in the case of *Pennsylvania Railroad Co.* v. *Jersey City*, 18 *Vroom* 286. In that case the railroad sought, upon *certiorari* and before conviction or suit, to set aside a city ordinance that exposed it (under one view of the law) to a penalty if it obstructed certain streets for a period longer than three minutes. In denying the availability of *certiorari* to such a state of affairs, Chief Justice Beasley said that, upon the assumption that the ordinance was illegal as to the prosecutor, "such a vice would not render it generally but only specially inefficacious, that is, the court would not vacate the entire ordinance, but merely refuse to put it in effect in that part of it that was thus unreasonable. If the complaint of the plaintiff in error (prosecutor) be well founded therein, the remedy is to object to the validity of the ordinance in the

penal suit for the obstruction of the streets referred to, and in that mode place before the court the limited question whether the ordinance be not a nullity in respect to that particular locality." A more recent decision to the same effect is *Gaslight Company* v. *Rahway,* 29 *Id.* 510.

The case of Pennsylvania Railroad Co. *v.* Jersey City must be taken to supplant the prior cases in this court that held to the contrary, viz., *Staates* v. *Borough of Washington,* 15 *Vroom* 605; *Same* v. *Same,* 16 *Id.* 318, the second of which rested wholly upon the authority of the first, while the first rested upon the supposed authority of four cases that do not in fact afford support for the departure in practice. The earliest of these is *State* v. *Jersey City,* 5 *Dutcher* 170, in which the question was not raised or mentioned in the opinion of the court, but is made the basis of a dissent by Mr. Justice Van Dyke. Two other cases are *State* v. *Paterson,* 5 *Vroom* 163, and *State* v. *Jersey City, Id.* 390, in each of which the question could not have arisen for the reason that the prosecutor was a taxpayer objecting to the unlawful increase of his burden by the purchase of a market site and a wharf.

The remaining case, *Montgomery* v. *Trenton,* 7 *Vroom* 79, holds explicitly the contrary rule. The cases of Staates *v.* Washington were without foundation in authority at the time of their decision, and were overruled by the case of Pennsylvania Railroad Co. *v.* Jersey City above cited. After that decision, however, the Supreme Court again applied the overruled doctrine in the case of *Morgan* v. *Orange,* 21 *Vroom* 389, without noticing that the decision of the Court of Errors had intervened and settled the rule conclusively. In accordance with the doctrine thus declared the writ in the present case is dismissed.