ENOS TOMLIN v. THE CITY OF CAPE MAY ET AL.

Submitted November 2, 1898—Decided June 12, 1899.

1. The council of the city of Cape May has the right by ordinance to regulate the use of the streets thereof by hucksters and other venders, and to restrict the same in the use thereof to certain streets and certain portions thereof for the preservation of the peace and health of the city, and the proper use by the public of the streets. This power is conferred by sections 19 and 20 of the city charter. *Pamph. L.* 1875, *p.* 306.

2. Where the statute authorizes the common council of a city to enact ordinances and to provide penalties for the violation thereof by a fine, not exceeding a certain sum, or imprisonment, not exceeding a certain period, the specific fine and the specific imprisonment must be fixed by the council in such ordinance, and this power or discretion cannot be delegated to the magistrate or court before whom proceedings are taken to punish summarily the offender for a violation of such ordinance.

3. An ordinance without an appropriate and legal penalty is nugatory. It is the legal sanction of a penalty for its violation which gives to an ordinance vitality.

On *certiorari.*

Before Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the prosecutor, *Morgan Hand.*

For the defendants, *David J. Pancoast* and *J. Spicer Leaming.*

·The opinion of the court was delivered by

LIPPINCOTT, J.   The writ of *certiorari* in this case removes into this court for review the second and third sections of an ordinance of the city of Cape May entitled, "An ordinance establishing and regulating hack and market stands in the city of Cape May, New Jersey."

Section 1 of this ordinance· designates the places in the public streets of the city where carriages or vehicles to be used as public hacks for the conveyances of passengers, shall take their stand.

This section of the ordinance is only incidentally involved in the determination of this case.

Section 2 of this ordinance provides : "And be it further ordained and enacted that all persons exposing for sale the usual articles of farming and farm produce from wagons, carts, vehicles, or otherwise than at their regular places of business shall take their stand on Mansion street, between Perry and Jackson streets, and on Jackson street from Washington street to Cape Island Bridge, and shall remain on said stand each and every day when exposing said articles for sale, until nine o'clock A. M."

Section 3 provides : "And be it further ordained and enacted that any person or persons violating the foregoing provisions of this ordinance shall be subject to a fine of five dollars.   It shall be the duty of the marshal and police officers to make complaint before the mayor or aldermen, and he shall issue his warrant against said offender or offenders and bring him, her or .them before said mayor or aldermen, when, upon a summary hearing of the matter, the said mayor or aldermen shall, if the party or parties are adjudged guilty,

impose the aforesaid fine upon him, her, them, or each of them, together with cost, and if said fine and cost are not immediately paid, shall have power to commit said offender or offenders to the city or county jail for a period not exceeding ten days."

The defendants insist that this writ should be dismissed on the ground that the prosecutor is not injuriously affected by the ordinance in question, and is not entitled to the writ until proceedings shall have been taken against him for the violation of the ordinance.

The proof shows that he is a huckster, having no place of business in the city of Cape May, and is daily engaged in selling farm produce from his wagon through the streets of the city, and that he, in his said business, is directly affected by the ordinance, in that he is prevented from selling from his wagon as he chooses, at such hours as he chooses, and is compelled to take his stand at the places designated during certain hours of the day.

The proof also shows that the prosecutor had on several occasions proceedings against him under this ordinance for its violation.

Under this proof the prosecutor is a person who is directly affected by the second and third sections of this ordinance. The effect upon him of this ordinance is to prevent him from carrying on the business of selling farm produce from his wagon in the streets of Cape May, except he takes his stand at the designated places, where he must remain until nine o'clock A. M.

This ordinance may be deemed as prohibitive after the hour named of any act of selling from his wagon at any other places, at, in or along any of the streets of the city.

I think that there can be no question but that this situation gives him the interest required to object to the ordinance without the necessity of waiting until legal proceedings be taken against him or until judgment be against him, and he either be subjected to fine or imprisonment. He is actually engaged in a business which the ordinance specifically pro-

hibits, and it affects directly his person and his acts of business in which he is engaged, for the ordinance provides for the issuance of a warrant in the first instance against his person, and thus immediately prevents him from engaging in his business. The case, therefore, is not within the decision of *Hamblet* v. *Asbury Park*, 32 *Vroom* 502, where the prosecutor was one who merely apprehended that if he engaged in a certain calling it would be violative of the ordinance, and the question in that case was whether the apprehension merely gave the right to the prosecutor to attack the ordinance in advance of any action taken against him for the enforcement of its penalties. The ordinance in that case was one imposing a license fee for the exercise of a vocation, and involved the question of whether as a taxing scheme it was valid. The ordinance was one which imposed a penalty for the non-payment of a license fee rather than prohibitive of any act of the prosecutor.

The second section of this ordinance, with appropriate penalties for its violation under the charter of the city, would seem to be a reasonable exercise of the police power, for it is well established that the city authorities of a municipality have the clear legal right to regulate the use of the streets by hucksters and other venders, and to designate market stands, and of limiting the use of the streets to certain hours of the day, and imposing other restrictions for the preservation of the peace and health of the public, and the proper and legal use of the streets by the public. 1 *Dill. Mun. Corp.* (*4th ed.*), §§ 387, 390, and cases cited. This power exists under the charter of the city of Cape May. *Pamph. L.* 1875, *p.* 206, §§ 19, 20.

At the same time the questions whether this ordinance is unduly indefinite and vague as to the hours wherein the right must be exercised, and the situation after the expiration of that period, and whether the space allotted under the evidence is sufficient, and whether, by its terms, the ordinance is not an unnecessary restriction of the prosecutor's business, are

questions which are worthy of consideration, but which are not decided. *McConvill* v. *Jersey City,* 10 *Vroom* 38.

It is concluded that the whole ordinance must fail as devoid of any binding force whatever, because of the entire illegality of the penalties attempted to be imposed by the third section of the ordinance.

An ordinance without a penalty for its violation is nugatory. It is an appropriate and legal sanction which gives vitality and force to the ordinance and renders the prohibited act unlawful, and without this sanction no proceedings under it for its enforcement could have any vitality, and the ordinance itself is a nullity. *State* v. *Zeigler,* 3 *Vroom* 262, 268 ; *Smith* v. *Clinton,* 24 *Id.* 329 ; *State* v. *Cleaveland,* 3 *R. I.* 117 ; 1 *Dill. Mun. Corp.* (4th ed.), *p.* 410, §§ 308, 336, 338 ; *Smith* v. *Gouldy,* 29 *Vroom* 562 ; *Massinger* v. *Millville, ante p.* 123.

Under sections 19 and 20 of the city charter of the city of Cape May (*Pamph. L.* 1875, *p.* 206) the city council has the power to enact ordinances of this character, and by section 21 it is provided " that in all cases where, by the provisions of this act, the city council have authority to pass ordinances on any subject, they may prescribe penalty or penalties for the violation thereof, either by imprisonment in the city or county jail, not exceeding thirty days, or by fine, not exceeding one hundred dollars."

It will be seen that the city council only are authorized to prescribe the penalty. The penalty to be prescribed is either imprisonment in the county jail or a fine not exceeding a certain maximum. These penalties are in the alternative, and the council was not authorized to impose both for the same act of violation. One or the other must be distinctly prescribed—either fine or imprisonment. If a fine, then the precise sum must be fixed ; if imprisonment, then the precise term must be stated, and the discretion to fix either must be exercised by the council. It could not be delegated to the magistrate before whom the proceedings for the violation of the ordinance were taken.

The statute gave to the council the power to fix the penalties within certain bounds, and that power could not be delegated to the magistrate. The legislation clearly evinces this intent, and the governing body was bound to fix the precise penalty desired. They could not confer discretion in this respect upon the magistrate even though they fixed its range within lesser bounds than the maximum penalties which they could establish under the provisions of the city charter. *Young & McShea Amusement Co.* v. *Atlantic City,* 31 *Vroom* 125; *Philadelphia and Brigantine Railroad Co.* v. *Brigantine, Id.* 127. The fine must be distinctly and precisely ascertained before proceedings are taken before the magistrate, and so must the term of imprisonment, if imprisonment be imposed. *Ib.*

It will be perceived that this ordinance does not conform to the city charter or the general principles of law in fixing the penalties for its violation. In so far as a fine is concerned the ordinance is legal, but it adds to the fine an imprisonment not exceeding ten days, " if the fine be not immediately paid," and it will be noticed that this imposition of the penalty of imprisonment is not in default of the payment of the fine, or until payment be made, but absolute in its terms, " if the fine be not immediately paid." A momentary inability to pay the " fine and costs" might result, in the discretion of the magistrate, in absolute imprisonment for the term fixed, besides the imprisonment is left to the discretion of the magistrate to be one or ten days if the fine of $5 was not at once paid.

The penal section of this ordinance was without statutory authority and cannot be upheld upon general principles. *White* v. *Tallman,* 2 *Dutcher* 67; *State* v. *Zeigler,* 3 *Vroom* 262.

The power to commit to imprisonment where a fine is authorized to be imposed under the ordinance can only be until the fine and costs adjudged are paid, and not by way of punishment to the offender for the offence committed. *Mayor, &c.,* v. *Herdt,* 11 *Vroom* 264; *Brieswick* v. *Mayor, &c., of*

*Brunswick,* 51 *Ga.* 639; *Canouse* v. *Lexington,* 2 *Ill. App.* 318.

The conclusion reached is that the ordinance is set aside, with costs.