THE KENDALL MANUFACTURING COMPANY v. THE
MAYOR, &c., OF JERSEY CITY.

Submitted March 22, 1900—Decided June 11, 1900.

A non-resident of a city has no standing to review by *certiorari* a gen-
eral ordinance of the city, under which no proceedings against him
have been instituted.

On *certiorari*.

Before Justices DIXON, LUDLOW and COLLINS.

For the prosecutor, *Walter L. McDermott.*

For the defendant, *John W. Queen.*

The opinion of the court was delivered by

DIXON, J.   This *certiorari* was allowed to bring up the gen-
eral provisions relating to the licensing of peddlers, contained'
in "An ordinance regulating licenses," passed July 11th, 1899,.
by the board of aldermen of Jersey City.

We think it was improvidently allowed.

The prosecutor is a foreign corporation, and so has not
that interest in the concerns of the city which might entitle
a resident to question the legality of municipal action.   Nor
has any proceeding been instituted against the prosecutor
because of or based upon such ordinance.   Consequently, in
accordance with the latest decision of this court on the sub-
ject (*Hamblet* v. *Asbury Park,* 32 *Vroom* 502), the writ must
be dismissed.

This action does not preclude the prosecutor from testing
the validity of the provision complained of, that requiring a
fee of $25 from non-residents, when a fee of only $10 is
required from residents, for a peddler's license.   If the prose-
cutor first secures, in accordance with the ordinance, a reso-
lution directing the issuance to it of the license desired,.

and then pays $10 into the treasury of the city, and demands of the city clerk that he issue the license ordered, and that officer refuses to do so, an application for *mandamus* will raise the legal question now presented.

If the municipal authorities decline to direct the issuance of a license to the prosecutor, as in the exercise of their legal discretion they may, then evidently the prosecutor has no concern whatever with the amount of the fee.