ATLANTIC CITY, RESPONDENT, v. ADAM W. FRANCE, PROSECUTOR.

Submitted December 11, 1906—Decided February 25, 1907.

1. An ordinance of Atlantic City which ordains that the owner, agent, manager, lessee or occupant of any building to which is attached any chimney or smokestack connected with any stationary engine, steam boiler, furnace, range or fireplace, from which there is emitted dense smoke which contains soot or other substance in sufficient quantity to permit the deposit of such soot or other substance on any surface within the limits of Atlantic City, shall be deemed to create and maintain a public nuisance, and provides for a conviction thereof and a punishment therefor by fine or imprisonment, is a valid ordinance.

2. A conviction for a violation of this ordinance need not set out that some person was injured by the deposit of soot or other substance.

3. The legislature can confer upon common council the power to provide by ordinance that a magistrate may impose a fine, the amount of which, within certain limits, shall be within his discretion.

This writ brings up a conviction for the violation of an ordinance of Atlantic City. The ordinance took effect on June 1st, 1905. It ordained that the owner, agent, manager, lessee or occupant of any building within the limits of Atlantic City, to which is attached any chimney or smokestack connected with any stationary engine, steam boiler, furnace, range or fireplace, from which there is emitted dense smoke which contains soot or other substance in sufficient quantities to permit the deposit of such soot or other substance on any surface within the limits of Atlantic City, shall be deemed to create and maintain a public nuisance, and upon conviction therefor before the recorder or other proper officer having jurisdiction, shall pay a fine of an amount not less than $25 and not more than $200, as may be imposed by said officer, and to be imprisoned in the county jail for ten days in default of payment of any such fine; and any repetition of said act on any one day following such conviction, or any subsequent conviction, shall be deemed a new offence.

A complaint was lodged with the recorder, setting forth that France, the prosecutor, was the owner and manager of an ice plant located within the limits of Atlantic City (a building with the appurtenances named in the ordinance), which emitted dense smoke which contained soot and other sub- stances in sufficient quantities to permit a deposit of such soot or other substances on wearing apparel hanging on clothes lines in Atlantic City.

Upon the trial of this complaint the prosecutor was con- victed and adjudged to pay a fine of $200.

Before Justices FORT, PITNEY and REED.

For the prosecutor, *Clarence L. Cole.*

For Atlantic City, *Harry Wootton.*

The opinion of the court was delivered by

REED, J. The validity of the ordinance above set out is chal- lenged because of an alleged want of power in the common council of Atlantic City to enact it. The insistence is that Atlantic City had not the ability to ordain that it was a nuisance *per se* to emit smoke from a smokestack attached to certain buildings. It is also urged that the ordinance deprives the prosecutor of the use of his property without due process of law.

It is entirely settled that every man holds his property sub- ject to the exercise of the police power with which the state is invested.

The answer to the second proposition follows the answer to the first, namely, whether the ordinance is a valid exercise of the police power.

That the emission of smoke may be so annoying to persons and so injurious to property as to be a nuisance is well known to every lawyer to be a proposition too well settled for dispute. It may be admitted that the emission of smoke may occur in such sparsely settled localities and may be of such attenuated consistency as not to constitute a nuisance. It might be urged

with great force that an ordinance which did nothing beyond ordaining that the emission of smoke should be punished as a nuisance was unreasonable and void.

Indeed, it was upon this ground that the case of *City of St. Louis* v. *Heitzeberg Packing and Provision Co.,* 39 *L. R. A.* 551, was decided, the ordinance in that case, which did nothing more than this, being declared unreasonable and void.

In the present case, however, it is not merely the emission of smoke which is prohibited, but the emission of dense smoke in Atlantic City; smoke containing soot or other substance, and containing it in sufficient quantities to permit a deposit of such soot or other substance on any surface. It seems too manifest for serious discussion that a use of property which results in the discharge of dense smoke which causes a discoloration and deterioration of buildings and clothes—smoke which finds its way into open windows and smuts furniture and bedding, smoke which settles on fruit and trinkets exposed for sale in scores of stores and shops in Atlantic City—is a nuisance. If so, such use of the property is within the control of the police power lodged by the legislature in the common council of Atlantic City.

A number of cases in which ordinances passed for the control of the emission of smoke have been adjudged valid are cited in *McQuillem Mun. Ord.,* § 456. We think the enactment of the present ordinance was within the power of the common council.

It is again insisted that the complaint is defective in that the offence is charged in the disjunctive. The particular disjunctive is not pointed out, but it is presumably to be found in the words "Soot or other substance in sufficient quantities." It is perceived, however, that the offence charged is the emission of smoke in such quantity as to permit a deposit upon surfaces. The object of the ordinance is to prevent the deposit of any substance contained in the smoke, and if there is a deposit it does not matter whether it is called by the name of soot or any other name. We think the complaint is sufficient.

It is again objected that the conviction does not find that on the day in question soot or other substance did in fact deposit

on any surface, or that the smoke contained soot or other substance in sufficient quantity to be injurious to any person.

The conviction does find that on the day in question the defendant's smokestack emitted dense smoke which contained soot in sufficient quantities to permit a deposit of such soot on the surface in Atlantic City. This covered the offence as declared in the ordinance. The ordinance did not require the magistrate to find that such deposit was injurious to any person. Under the ordinance the deposit raises the presumption of an injury.

It is also insisted that the penalty clause in the ordinance is unwarranted by the charter of Atlantic City. The ordinance provides that upon conviction the person fined shall pay a fine of an amount not less than $25 and not more than $200, as may be imposed by the magistrate, and be imprisoned in the county jail for ten days in default of payment of any such fine.

The charter of Atlantic City (*Pamph. L.* 1902, *p.* 297, § 16) provides that common council may prescribe penalties for the violation of ordinances either by imprisonment in the city or county jail not exceeding ninety days, or by fine not exceeding $200 or imprisonment in the workhouse, city or county jail not exceeding ninety days in default of payment of said fine.

The insistence is that the ordinance should have fixed the penalty and not left anything to the discretion of the magistrate. In support of this position the cases of *Young & McShea* v. *Atlantic City,* 31 *Vroom* 125, and *Lambertville* v. *Applegate,* 44 *Id.* 110, were cited. But as was pointed out by Justice Dixon in the first of these cases, it is not a question of power in the legislature to confer upon the common council the right to provide that the amount of the penalty shall be left to the discretion of the magistrate, but the question is whether the legislature has done so. In this case it has done so in the most explicit language. *Pamph. L.* 1902, *p.* 297, § 16.

The conviction should be affirmed.