No. 6386.

## ROBERT HAILES vs. ALLEN M. HYNSON, ET AL.

### Syllabus.

The owner of a promissory note has the right to collect the whole amount of the note notwithstanding such note does include a greater rate of interest than eight per cent per annum, provided such note does not bear more than eight per cent per annum interest after maturity until paid.

He may also receive an additional twenty per cent stipulated in such note for attorney's fees in case the note is placed in the hands of an attorney for collection.

Such a stipulation is not usurious for two reasons; first, because it is not made as a consideration for the use of money, and second, because it does not enure to the benefit of the lender.

Appeal from the Civil District Court for the Parish of Orleans, Division "C," No. 107,881. Honorable E. K. Skinner, Judge.

Joseph A. Casey, for plaintiff and appellant.

Titche & Rogers, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Plaintiff sues for $113.90 with eight per cent per annum interest from August 16th, 1913, with twenty per cent attorney's fees thereon, being balance due on the following note, viz:

"$157.60. New Orleans, July 16th, 1913.

"One month after date I promise to pay to myself or bearer one hundred and fifty-seven 60/100 dollars at ............... for value received with interest at the rate of eight per cent per annum after

— 327 —

maturity until paid and 20 per cent attorney's fees if this note is placed in the hands of an attorney for collection after maturity.

(Signed)   "Allen M. Hynson.

Endorsed  "James Machin."

The defendant, Hynson, pleaded:

1st.   That the note did not belong to the plaintiff but to Henry Heymann or the Heymann Mercantile Agency;

2nd.   That he borrowed eighty dollars from Heymann, who took advantage of his youth and inexperience and by fraud obtained his signature to the note sued on for $157.60;

3rd.   That said note had no other consideration but the loan of $80, and that it "is usurious in that it seeks to compel this defendant to pay $57.60 in interest for the use of $80 for thirty days, which amount exceeds 1000 per cent per annum, whereas eight per cent per annum is the highest rate of interest permitted by the law," and

4th.   That he has paid $50 to discharge said loan of $80.

And he prayed that the note be declared void for fraud, and for the usurious interest charged thereon, and that upon payment by him of $30, with eight per cent interest that the note sued on be cancelled.

The defendant, Machin, admitted his endorsement of the note and otherwise adopted Hynson's defense.

The trial Judge considered the transaction was "a palpable attempt to evade the usury laws of this State;" that "it was not a banking purchase of a note offered for sale, but a clear loan of money at an extortionate rate

of interest," and that "Courts cannot recognize such unconscionable evasions of the law under the guise of a sale of a note," and gave judgment for $30 with legal interest from judicial demand against Hynson alone, disallowing the attorney's fees claimed.

After an ineffectual attempt to obtain a new trial plaintiff appealed.

It was admitted that Hailes and the Heymann Mercantile Agency are one and the same. But under the conclusion we have reached, that fact has no importance.

The payment of $50 was also admitted.

The defendant, Hynson, was 24 years of age when he signed the note sued on. The presumption of law is that he had been able to take care of himself and needed no tutor since he was twenty-one years old. We entertain no doubt that he thought so himself. He asks this Court to relieve him from the consequences of his imprudence and indiscretion. This we cannot do. The law will only relieve him in case of error, fraud, or violence. None whatever have been shown in this case; on the contrary he testifies that he knew what he was doing and that he signed the note willingly. His only hope of escape is, that the transaction he entered into is illegal.

3rd. The testimony establishes, and it is not disputed, that defendant borrowed $80 of Heymann and gave him therefor the note presently sued on for $157.60 and that since the date of the note he has paid Heymann $50 on account.

This may be "usurious" interest as claimed by the defendants; but with this, this Court has nothing to do, if the law does not prohibit it.

The Code of 1808, Title X Ch. III Art. 32, p. 408, and the Code of 1825 provided:

"The amount of the conventional interest cannot exceed ten per cent. The same must be fixed in writing and testimonial proof of it is not admitted in any case."

Act 25 of 1844, p. 15, provided:

"That the amount of conventional interest shall in no case exceed eight per cent under pain of forfeiture of the entire interest so contracted."

Act 291 of 1855, p. 352, was a repetition of this act.

But by Act 161 of 1856, p 130, it was enacted:

"That the owner or discounter of any note or bond or obligation or other written evidence of debt for the payment of money, payable to order or bearer or by assignment, shall have the right to claim and recover the full amount of such note, bond, or obligation or other evidence of debt, and all interest not beyond eight per cent per annum that may accrue thereon, notwithstanding that the rate of interest or discount at which the same may be or may have been discounted has been beyond the rate of eight per cent per annum interest or discount, any law to the contrary notwithstanding."

In 1860, in the case of **Crane vs. Beattie, 15 A., 329,** the Supreme Court decided that this Act of 1856 applied only to the sale of notes to raise money, but did not sanction ordinary loans at a rate of interest exceeding eight per cent, and that usury in such loans still forfeited the whole interest as provided by the previous legislation. This decision was affirmed in **15 A., 395 and 537.**

To counteract this contemplated jurisprudence, Act 62 of 1880, p. 41, was passed, which reads as follows:

"That the owner of any promissory note, bond, or written obligation for the payment of money, to order or bearer, or transferable by assignment shall have the right to collect the whole amount of such promissory notes, bonds, or written obligations, notwithstanding such promissory notes, bonds, or written obligations may include a greater rate of interest or discount than eight per cent per annum; provided such obligations shall not bear more than eight per cent interest per annum after their maturities until paid."

Section 2 repealed all laws in conflict with the provisions of this act.

The Revised Civil Code of 1870, Article 2924 (2895) was composed of the different sections of the original codes of 1808 and 1825, as amended, and of the entire sections above quoted of the Acts of 1856 and 1860.

The first case reported after this legislation is that of Carroth vs. Carter, 26 A., 331, in 1874. The Court said:

"The Judge a quo erred in supposing the plaintiff a third party. But, if the testimony (now relative to usury) were in the record, it would not change the opinion we entertain. The note was given deliberately, and was secured by a mortgage, and no fraud is alleged. Whether usurious interest was included in it or not is immaterial, under the laws of this State."

This opinion has been followed in an unbroken line of seven decisions in 32 A., 1114; 37 A., 763 (766); 40 A., 17 (19); 46 A., 1118 (1130); 47 A., 1277 (1285); 49 A., 501 (508); 104 La., 38.

We followed these rulings in **Heymann vs. Reynolds, No. 6363**, April 19, 1915, (Ante, p. 287).

In the face of this constant jurisprudence the Legislature enacted Act 68 of 1908, p. 83, which is a repetition of Article 2924 (2895) of the Civil Code of 1870 with a proviso. In construing this Statute, the Supreme Court said in **Roux vs. Witzman, 125 La., 300:**

> "Act No. 68 of 1908, p. 83, makes no change in the usury laws as to discounts and capitalized interest permitted by Article 2924, Rev. Civil Code."

Confronted by this jurisprudence counsel for defendants can no longer ask this Court to maintain their defense.

But the defendants contend that all these decisions have been overruled by the case of **Peoples Bank vs. Fenwick Sanitarium, 130 La., 723.**

To arrive at that conclusion we would have to hold that they were all overruled by implication as none of them are referred to in the opinion. But our appreciation of that case is that the Court found that the bank had "purchased" the notes sued on, and that therefore the provisions of Article C. C., 2924 "had always been limited to 'loans' of money" but did not apply to the "purchase and sale of promissory notes," p. 730. This decision was an affirmance of **15 A., 457, 329, 395, 537**—quoted above and of **11 La., 493; 15 La., 306; 3 A., 157** and **9 A., 335.**

The Supreme Court did not say what their decision would have been, had they found that the bank had "loaned" the money to the defendant.

## IV.

The plaintiff is also entitled to the attorney's fees stipulated in the note.

First National Bank vs. Mayer, 129 La., 981.

Such a stipulation is not usurious for two reasons; first, because it is not made a consideration for the money, and second, because it does not enure to the benefit of the lender.

11 A., 34; 14 A., 407; 21 A., 8.

It is therefore ordered that the judgment of the lower Court be amended, and it is now ordered that there be judgment in favor of the plaintiff, Robert Hailes and against the defendant, Allen M. Hynson and James Machin, in solido, for one hundred and seven 60/100 dollars with eight per cent per annum interest from August 16th, 1913, till paid and twenty per cent attorney's fees thereon, and all costs of both Courts.

Opinion and decree, May 17, 1915.