————o————

## No. 6838.

## S. A. HARVEY vs. MRS. R. S. HOYLE ET AL.

### Syllabus.

When a party makes a contract with another, the presumption is that he is acting for himself and he will be liable personally. If he is not acting for himself, he must, in order to overcome this presumption, make it clear to the other party that he is acting in a representative capacity.

One who assumes to act as agent warrants his capacity; and if he has no such capacity he makes himself personally liable to one who deals with him in the honest belief of such capacity.

The action of a party against the other who has assumed to act without procuration is *ex contractu* and is not prescribed by one year.

152

Appeal from the Civil District Court, Parish of Orleans, No. 113,907, Division "A", Honorable T. C. W. Ellis, Judge. Reversed.

Delvaille H. Theard, for plaintiff and appellant.

Dart, Kernan & Dart & Albert Guilbault, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Plaintiff is a real estate agent. He sues for a commission for procuring a purchaser for the defendant for a property on the following contract:

> "I hereby irrevocably appoint S. A. Harvey * * * my agent, and authorize my agent to sell or exchange my property known as No. 4713-15 Iberville Street * * * for the price and sum of $5000 or any other amount which may hereafter be agreed upon. * * * When this property is sold, I agree and bind myself to pay my agent a commission of 3%. * * * It is understood and agreed that my agent's labor ceases when the deposit is put up and that commission is earned, and will be paid by me whether the title of said property is accepted or rejected by purchaser. * * * My agent is authorized to accept a deposit of ten per cent of the purchase price, and in case of suit, or if the services of an attorney are required, to recover any part of the commission due, 25 per cent will be added for attorney's fees.
>
> (Signed)      "Est. of Harry Hoyle,
>      "per Mrs. H. Hoyle,
>      "R. J. SEAL,
>      "Manager."

Thereupon the plaintiff found a purchaser and the following agreement was signed on August 6th, 1914:

153

"I, the undersigned, hereby offer $4400.00 for the * * * property situated 4713-4715 Iberville Street." (Signed)       "P. C. SCHMIDT.

"I am the owner of the above property and agree to sell same as above offer. I agree to pay three per cent commission as above.

      "Estate of Harry Hoyle,
      "Per Mrs. Rosa S. Hoyle,
          "R. J. SEAL,
             "Manager."

    "Witness:
      "H. J. HERRMANN."

A deposit of ten per cent, or $440, was made by the purchaser in the hands of the plaintiff.

Mrs. Rosa S. Hoyle and R. J. Seal never transferred the property. Plaintiff returned to Schmidt his deposit on instructions from defendants.

Plaintiff averred that Rosa S. Hoyle and R. J. Seal had no authority to represent the Estate of Hoyle, and he therefore prays for a judgment against them, *in solido, for* $132 with interest and 25% attorneys' fees.

The defense is that the agreement of sale and the authorization to plaintiff was signed by respondents in the capacity of turix and undertutor for the estate of Harry Hoyle, and that respondent (plaintiff) was on notice as to their capacity and authority to sell the said property * * *; that they had no authority to make the said contract and to represent the estate of Harry Hoyle in the matter of the sale, for the reason that the property was owned one-half by the seven minor children of the late Harry Hoyle and the other half by Dan W. Seals; that Rosa S. Hoyle was the natural tutrix and R. J. Seal the undertutor of asid minor children; that said property could only be disposed of in strict accordance with the forms of law; that the

154

contract was signed in their respective capacity and not in their individual capacity, as the plaintiff well knew, and that therefore they are not liable individually to plaintiff for his commission.

There was judgment for defendant and plaintiff has appealed.

Where a party makes a contract with another, the presumption is that he is acting for himself and he will be personally liable. If he is not acting for himself he must in order to overcome this presumption, make it clear to the other party that he is acting only as agent or in a representative capacity. The doubt will be construed against him for the reason that he had the knowledge of his capacity and it was his fault if his position was not made clear. *Bedford v. Jacobs,* 4 *N. S.,* 528; *Nott v. Papet,* 15 *La.,* 306; *Weld v. Shaw,* 2 *A.,* 559; 20 *A.,* 363; 44 *A.,* 209; 14 *A.,* 445; 15 *A.,* 189; *Troplong Mandat, s.* 519, *p.* 492; 4 *Fuzier Herman, p* 677, *s.* 12, *p.* 929, *s.* 681; 4 *Poth., p.* 252, *s.* 88.

See also 2 *C. J. Vo. Agency, p.* 919, *s.* 647, *p.* 816, *Sec.* 491:

> "It is the duty of the agent, if he would avoid personal liability on a contract entered into by him on behalf of his principal, to disclose not only the fact that he is acting in a representative capacity, but also the identity of his principal as the person dealt with is not bound to inquire whether or not the agent is acting as such for another. An agent who enters into a contract in his own name without discolsing the identity of his principal renders himself personally liable even though the third person knows that he is acting as agent, unless it affirmatively appears that it was the mutual intention of the parties to the contract that the agent should not be bound."

There is no evidence that the defendants informed the plaintiff that they were acting otherwise than individually. On the contrary, the plaintiff testifies that the defendant, Mrs. Hoyle, told him that she owned the property and she so declares in the document accepting the bid. This testimony is not contradicted by Mrs. Hoyle. She did not take the stand, nor did R. J. Seal.

We do not consider the words "Est. of Harry Hoyle" or the letters "Mgr." of themselves sufficiently negatived the presumption that Mrs. Hoyle and R. J. Seal were acting for themselves or informed the plaintiff that they were acting for others, and that plaintiff would have to look for compensation to unnamed persons comprising the "Est. of Harry Hoyle", or to undisclosed principals for whom R. J. Seal was manager.

We must not lose sight of the fact that the procuration to plaintiff is in these words: "I hereby irrevocably appoint S. A. Harvey my agent &c"; and in accepting the offer made by Schmidt the defendants say: "I am the owner of the above property and agree to sell same as above offer. I agree to pay three per cent commission as above."

In the case of *Haile v. Rils*, 9 *Rob.*, 509, the sheriff was held liable individually for advertisements of sales made by him as sheriff in execution of writs in favor of other parties. Affirmed in 2 *A.*, 399.

In *Murray v. Kennedy*, 15 *A.*, 385, the United States marshall was condemned, individually, to pay a reward of $500 for the arrest of a fugitive from justice which he had offered in his capacity of "U. S. Marshall."

In *Cooley & Philips v. Esteban, et al.*, 26 *A.*, 515, the defendants were made to pay a note signed by them as "Special Committee."

But admitting for the sake of argument that the words

"Est. of Harry Hoyle" and "Mgr." were sufficient to indicate to the plaintiff that defendants were acting in a representative capacity, the defendants have failed to produce any authority of any kind from any one to employ an agent to sell the property. Under such circumstances the law holds them to individual liability.   C. C. 3010 (2979) ; 15 *A.,* 668; 24 *A.,* 254; *Story* 264; 11 *A.,* 46; 30 *A.,* 1178; 5 *N. S.* 137; 2 *C. J. p.* 803, 476:

> "A person who assumes to act as agent for another impliedly warrants that he has authority to do so; and if therefore he in fact lacks authority he renders himself personally liable on the warranty to one who deals with him in good faith in reliance thereon &c."  *C. N.* 1997, *Commentators* 30 *Dalloz Rep. Leg., p.* 724, *s.* 307.

Also *Journal Du Prlais* 1848, *Vol.* 1, *p.* 509; 31 *Cyc., p.* 1545.

The person assuming to act as agent is liable personally even when he is honestly mistaken in believing that he had authority.   The reason of the rule is that his error has caused loss to the person to whom he represented himself as agent; as the loss must fall somewhere, it is just that it should be borne by him whose acts made it possible. Id.

Also *Story* 264; 213 *Fed. Rep.,* 197; 45 *Pa. Sup. Ct.,* 266; 32 *Pac. Rep.,* 837.

But the defendants say that the plaintiff knew, or should have known, that they had no authority and no right in fact or in law to make a private sale of the property. There is no evidence that plaintiff knew who the owners of the property were except what he learned from Mrs. Hoyle and her written acceptance of Schmidt's bid.   But even had he known that the property was owned one-half by minors and the other half by a major, there was no incapacity ap-

parent in Mrs. Hoyle or R. J. Seal, to sell. There was ample power in the tutrix to make a private sale to effect a partition, and it was a reasonable presumption that R. J. Seal had the procuration of the major to sell. The property was in commerce and the parties had a right to make a private sale.

We conclude therefore that plaintiff is entitled to his commission. 2 *A.*, 624; 6 *A.*, 26. Defendants are liable *in solido* having signed the contract in the nominative singular, "I".

The defendants have filed in this Court the plea of prescription of one year, based on the assumption that plaintiff's claim, if any, against the defendants is on an offense and not a contract. We see no merit in the plea. Plaintiff sues on a contract. There is no doubt that he made a contract.

The only question is, with whom was it, with defendants or with others whom defendants claim to have represented; but it does not cease to be a contract.

In support of their plea of prescription the defendants' learned counsel have referred us to a number of decisions from courts of other states compiled in 2 *C. J. P.*, 806, *s.* 479. In all these cases it is held that the party assuming to act as an agent is not liable on contract but only in an action *ex delicto* for deceit.

But an equally respectable line of authorities hold that the agent is liable on contract. 2 C. J., p. 807, s. 480.

Storey on Agency, 264, tells us that the authorities upon the point do not seem to be entirely agreed.

The same divergence of opinion exists under the French law. The Code Napoleon has no article similar to our article 3010 (2979). But instead has the article 1989, which says: "The mandatary can do nothing beyond what is

158

mentioned in his mandate &c." 21 *Baudry-Lacantinerie.* Sec. 801 and 8 Marcade Paul Pont, pp. 548, 549, No. 1058 are of the opinion that the liability is *ex delicto* under Art. C. N. 1382 rather than *ex contracta* under Art. C. N. 1997.

On the other hand 28 Laurent, p. 50, s. 49, thinks there is a contract. 4 *Fuzier-Hermann, p. 677, No. 21.*

The Court of Cassation has decided that the agent is liable under Article 1997 of which our article 3012 is a copy. Tropolong Mandat on Article 1997, p. 58, s. 592; 4 *Dalloz Codes Ann., p. 1058, Nos. 70, 71; 30 Dalloz Rep. Leg., p. 722, s. 305, p. 724, s. 307.*

But in all those jurisdictions where it was held that the agent is liable *ex delicto* there was no statute like our C. C. 3010 (2979), which reads as follows:

> "The attorney cannot go beyond the limits of his procuration; whatever he does exceeding his power is null and void with regard to the principal, unless ratified by the latter, and the attorney is alone bound by it, in his individual capacity."

We interpret this to mean that he is bound by his contract as principal.

In *White v. New Orleans,* 15 *A.,* 668, our Supreme Court decided:

> "Where a contract is entered into by one assuming to act as agent of another, without having been authorized to make the contract, such pretended agent is by law responsible personally in the precise terms of the contract."
>
> C. C. 2615 (2593) ; 1 *Ct. of App.,* 150.

The judgment of the District Court is therefore reversed and it is ordered that the plaintiff Stanley A. Harvey have judgment against the defendants, Mrs. Rosa H. Hoyle and R. J. Seal, *in solido,* for one hundred and thirty-two dollars with twenty-five per cent thereon for attorney's fees

and five per cent per annum interest from October 12th, 1915, and all costs of suit.

Opinion and decree, April 2nd, 1917.

Rehearing refused, April 30th, 1917.